UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE ULYSSES GRANT<br><br>  Petitioner,<br><br>v.<br><br>RICK HILL, Warden, et al.<br><br>  Respondents. | Case No.: 11cv3015-JAH (LL)<br><br>**ORDER DENYING PETITIONER'S MOTION FILED MAY 8, 2019**<br><br>**[ECF No. 48]** |

On May 8, 2019, Petitioner, by and through his appointed counsel, filed a document partially titled "Petitioner's Unopposed Motion For Briefing Schedule In Light Of Newly Discovered Evidence." ECF No. 48. Contrary to the caption title, it appears that Petitioner is asking the Court for permission "to amend his existing Petition for Writ of Habeas Corpus . . . by filing a notice pleading on or before June 7, 2019." Id. at 1. In support, Petitioner's counsel states that on October 31, 2018, he discovered new evidence that may support habeas relief based on violations of Brady v. Maryland, 373 U.S. 83 (1063) and Napue v. Illinois, 360 U.S. 264 (1959). ECF No. 48-1, Declaration of Tony Faryar Farmani, Esq. ("Farmani Decl."), ¶ 4. Petitioner's counsel and a retained private investigator conducted further interviews regarding the new evidence on December 18, 2018 and March

1

4, 2019. ECF No. 48-2, Declaration of Jose Newman ("Newman Decl."), ¶¶ 3, 4. In further support, Petitioner's counsel states that he has extensively met and conferred with counsel for Respondents and the parties propose that, *inter alia*, (1) Petitioner "will attempt to exhaust his new claims by presenting them in a habeas corpus petition to the California Supreme Court to bypass complicated briefings on procedural issues"; (2) "on or before June 7, 2019, [Petitioner] will file a pleading in which he will identify the claims he wishes to withdraw from his pending petition that was filed on December 23, 2011" (hereinafter "Petition"); and (3) Petitioner's "newly discovered <u>Brady</u> and <u>Napue</u> claims and evidence will be generally pleaded and incorporated by reference into the Petition." Id. ¶ 7. Petitioner's counsel also states that such a proposal "would conserve time and resources in that [Petitioner] will file one amended petition following exhaustion rather than file an amended petition and then proceed to exhaust and then file another amend [sic] petition following state court exhaustion." Id. ¶ 8.

The U.S. Supreme Court has stated that "Habeas Corpus Rule 2(c) is more demanding" in that "[i]t provides that the petition must 'specify all the grounds for relief available to the petition' and 'state the facts supporting each ground.'" See <u>Mayle v. Felix</u>, 545 U.S. 644, 655 (2005) (quoting Rule 2, Rules Governing Habeas Corpus Cases). "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." Advisory Committee Note to Rule 4, Rules Governing Habeas Corpus Cases, 28 U.S.C.A. foll. § 2254 (internal quotation marks and citation omitted); see also <u>Mayle v. Felix</u>, 545 U.S. at 655; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>Jones v. Clay</u>, No. C 09-1066 WHA (PR), 2009 WL 742891, at *1 (N.D. Cal. Mar. 18, 2009). Accordingly, the Court **DENIES** Petitioner's motion to incorporate new claims into his Petition through notice pleading.[1]

---

[1] The Court makes no decision and states no opinion on the appropriateness of the parties' proposed plan to pursue a new claim.

Additionally, the Court notes, and Petitioner acknowledges, that the Court has already granted four previous motions by Petitioner for extensions of time to file a motion for leave to file an amended petition with a First Amended Petition and that the current deadline to do so was May 8, 2019. ECF Nos. 37, 38, 39, 40, 42, 43, 44, 45; Farmani Decl. ¶ 3. It appears that instead of timely filing an amended petition, Petitioner instead (1) chose to file the instant motion for permission to amend by notice pleading without providing any legal support and with clear binding precedent against the request, and (2) failed to provide any reasons for the timing of the instant motion's filing in light of the May 8, 2019 deadline. The Court, in its discretion, will allow Petitioner one final opportunity and **ORDERS** Petitioner to file the appropriate motion to amend or supplement the Petition on or before **May 24, 2019**.

**IT IS SO ORDERED.**

Dated: May 13, 2019

_____
Honorable Linda Lopez
United States Magistrate Judge