1
2
3
4
5
6
7

8            UNITED STATES DISTRICT COURT

9           SOUTHERN DISTRICT OF CALIFORNIA

10

11  WILLIE ULYSSES GRANT                    Case No.:  11cv3015-JAH-LL

12                          Petitioner,
                                          **REPORT AND**
13                                        **RECOMMENDATION FOR ORDER**
    v.                                    **GRANTING PETITIONER'S**
14                                        **UNOPPOSED MOTION FOR STAY**
    RICK HILL, Warden, et al.             **AND ABEYANCE PENDING STATE**
15                                        **COURT EXHAUSTION**
                            Respondents.
16

17                                        **[ECF No. 53]**

18

19

20

21      This Report and Recommendation is submitted to United States District Judge John

22  A. Houston pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(d) and HC.2 of the

23  United States District Court for the Southern District of California. On September 9, 2019,

24  Petitioner, by and through his counsel, filed a motion requesting that the Court stay and

25  abey federal proceedings while Petitioner exhausts two new claims of his amended Petition

26  for Writ of Habeas Corpus in the California Supreme Court, or alternatively, to find that

27  Petitioner's two claims are technically exhausted and excuse any procedural bar.

28  ECF No. 54. Respondent did not file an opposition. See Docket. The Court has considered

                                          1

the motion to stay and abey and the record as a whole. For the reasons discussed below, the Court **RECOMMENDS** that the motion for stay and abeyance be **GRANTED** and the alternative request to find that Petitioner's two new claims are technically exhausted be **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 14, 2006, a jury convicted Petitioner of first degree murder with personal use of a firearm. ECF No. 1 at 1–2. Petitioner was sentenced to fifty years to life in state prison, which included twenty-five years to life for the murder, plus an additional consecutive twenty-five years to life for the firearm enhancement. ECF Nos. 1-3 at 137; 51-29 at 14–15. Petitioner filed an appeal in which he argued the following: (1) the verdict of murder was based on the uncorroborated testimony of an accomplice; (2) the trial court erred by failing to instruct the jury that the chief witness against him was an accomplice; (3) the trial court erroneously excluded certain jury instructions; (4) the trial court, by instructing the jury on both felony murder and conspiracy, caused confusion; (5) the trial court erred by failing to sua sponte instruct the jury of the lesser included offense of involuntary manslaughter; (6) there was no substantial evidence to support the jury's finding that Petitioner personally used a firearm in committing the offense; (7) the trial court erroneously excluded as hearsay an exculpatory statement Petitioner made to the police; (8) the trial court erroneously admitted as evidence ammunition found in Petitioner's apartment; and; (9) the effect of these cumulative errors denied Petitioner his constitutional right to a fair trial. ECF No. 8-3 at 2. The California Court of Appeal affirmed the trial court's judgment on September 16, 2008. Id. at 1.

Petitioner filed a petition for review in the California Supreme Court, which was denied on December 10, 2008. ECF No. 8-4.

On March 17, 2009, Petitioner filed a petition for writ of certiorari in the United States Supreme Court alleging (1) there was insufficient evidence to support the jury's finding that Petitioner used a firearm and (2) the evidence was insufficient as a matter of law to support the guilty conviction because the testimony of an accomplice was not

1  sufficiently corroborated as required by the due process clause of the United States

2  Constitution. ECF No. 8-5 at 1, 9–11. The Supreme Court denied the petition on

3  October 5, 2009. ECF No. 8-6.

4       On September 25, 2010, Petitioner constructively filed[1] a petition for writ of habeas

5  corpus in the San Diego County Superior Court, in which he alleged (1) the trial court erred

6  by permitting certain expert testimony; (2) his Sixth Amendment right to a speedy trial was

7  violated; (3) the admission of a statement of a non-testifying co-defendant violated the

8  Sixth Amendment Confrontation Clause; (4) he received ineffective assistance of counsel

9  when his attorney failed to make certain objections during trial; (5) he received ineffective

10  assistance of counsel for failure to investigate; (6) there was prosecutorial misconduct

11  when the prosecutor misstated facts during trial and closing arguments; (7) there were

12  search warrant errors; and (8) the arrest was unconstitutional. ECF Nos. 8-7 at 3–23;

13  8-8 at 2. On November 22, 2010, the San Diego County Superior Court denied the petition.

14  ECF No. 8-8.

15       On October 4, 2010, Petitioner constructively filed a petition for writ of habeas

16  corpus in the California Court of Appeal, Fourth Appellate District, asserting the same

17  claims raised in his previous state habeas corpus petition. ECF No. 8-9. On

18  November 8, 2010, the Court of Appeal denied the petition without prejudice because

19  Petitioner had not established that the superior court had ruled on his contentions in the

20  first instance. ECF No. 8-10. On December 13, 2010, Petitioner filed a second petition for

21  writ of habeas corpus with the California Court of Appeal, Fourth Appellate District, which

22  was denied on January 11, 2011. ECF Nos. 8-11; 8-12.

23  / / /

24

25

26  [1] Pursuant to the "mail box rule," a prisoner's habeas filings are constructively filed when
they are turned over to prison officials for filing with the court. Houston v. Lack, 487 U.S.

27  266, 276 (1988); Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000). Petitioner signed
his state habeas petition on September 25, 2010, which the Court accepts as the

28  constructive filing date.

1    On January 20, 2011, Petitioner filed a petition for writ of habeas corpus in the

2    California Supreme Court, asserting the same claims raised in his previous state petitions.

3    ECF No. 8-13. On November 16, 2011, the California Supreme Court denied the petition.

4    ECF No. 8-14.

5    On December 19, 2011, Petitioner, proceeding pro se, constructively filed a petition

6    for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254 in this Court alleging

7    the following grounds for relief:

8    (1) the trial court violated Petitioner's due process rights when it admitted and

9    allowed the jury to consider flawed expert testimony [Ground One; ECF No. 1 at 6-9];

10   (2) the introduction of inadmissible ammunition evidence violated Petitioner's due process rights [Ground Two; ECF No. 1 at 10-13];

11   (3) the trial court violated Petitioner's due process and Sixth Amendment

12   rights to notice of the charges against him and allowed the jury to convict based on insufficient evidence by instructing the jury on conspiracy [Ground

13   3; ECF No. 1 at 14-16];

14   (4) the trial court violated Petitioner's due process rights when it failed to instruct the jury on involuntary manslaughter [Ground 4; ECF No. 1 at 17-

15   18];

16   (5) the trial court violated Petitioner's due process rights when it failed to instruct the jury that the chief witness against him was an accomplice as a

17   matter of law, resulting in a conviction that was unlawfully based on

18   uncorroborated testimony of an accomplice [Ground Five; ECF No. 1 at 19-20];

19   (6) there was insufficient evidence to sustain the jury's finding that Petitioner

20   personally used a firearm in violation of his due process rights [Ground Six; ECF No. 1 at 21-24];

21   (7) Petitioner was denied his Sixth Amendment right to effective assistance

22   of counsel when trial counsel failed to object to the admission of the ammunition evidence and call an ammunition expert [Ground Seven; ECF No.

23   1 at 25-26];

24   (8) Petitioner's due process rights were violated when the prosecutor

25   misstated the evidence during trial and closing arguments; [Ground Eight; ECF No. 1 at 27-28];

26   (9) Petitioner's Confrontation Clause rights were violated when non-testifying

27   co-defendant's admissions were admitted [Ground Nine; ECF No. 1 at 29-32];

28

4

(10) the cumulative errors at trial denied Petitioner his due process rights [Ground 10; ECF No. 1 at 33];

(11) the trial court violated Petitioner's due process rights, including his right to present a complete defense, when it excluded Petitioner's statement and demeanor at the time of his arrest [Ground Eleven; ECF No.1 at 34-36];

(12) pre-trial delays violated Petitioner's Sixth Amendment right to a speedy trial and prejudiced his ability to defend [Ground Twelve; ECF No. 1 at 37-39];

(13) Petitioner's arrest without a warrant violated his Fourth Amendment rights [Ground Thirteen; ECF No. 1 at 40-41];

(14) Petitioner was denied his Sixth Amendment to effective assistance of counsel when trial counsel failed to object to: (a) prosecutorial misconduct during trial and closing arguments; (b) inadmissible evidence; and (c) flawed expert testimony [Ground Fourteen; ECF No. 1 at 42-45].

ECF No. 50-1 at 6–7 (spacing added); see also ECF No. 1 at 6–45.

On March 2, 2012, Respondent moved to dismiss the Petition as untimely pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). ECF No. 8. The district court judge adopted the magistrate judge's recommendation to dismiss the Petition as untimely. ECF Nos. 12, 14. On July 7, 2017, the United States Court of Appeals for the Ninth Circuit found the petition was timely and thus reversed the District Court's order and remanded for further proceedings. ECF No. 29.

On October 25, 2017, the Court granted Petitioner's motion to appoint counsel. ECF No. 33. The Court granted several of Petitioner's motions for extension of time to file an amended complaint. ECF Nos. 37, 38, 39, 40, 42, 43, 44, 45, 49. On May 23, 2019, Petitioner filed an unopposed motion for leave to file the concurrently filed supplemental petition of writ of habeas corpus, which added the following two additional grounds for relief:

(15) the State violated Petitioner's right to a fair trial as guaranteed under the due process clause of the Fourteenth Amendment by suppressing and failing to disclose that the State's star witness – Lawrence James Laymon – had been promised immunity and a plea deal in exchange for his testimony against Petitioner (Ground Fifteen) ("*Brady*[] Violation"); and

5

(16) the State violated Petitioner's right to a fair trial as guaranteed under the due process clause of the Fourteenth Amendment by presenting false evidence and failing to correct it once presented ("*Napue*[] Violation").

ECF No. 50 at 1–2 (spacing added). On July 5, 2019, the Court found that an amendment, rather than supplement, was the appropriate action that Petitioner was seeking, granted the motion, and treated the first Petition [ECF No. 1] as amended to include grounds fifteen and sixteen as set forth in the supplemental petition [ECF No. 50-1]. ECF No. 52.

On September 9, 2019, Petitioner filed the instant motion asking the Court to stay and abey federal proceedings while Petitioner exhausts grounds fifteen and sixteen of his amended petition for writ of habeas corpus ("First Amended Petition") in the California Supreme Court, or alternatively, to find that Petitioner's grounds fifteen and sixteen are technically exhausted and excuse any procedural bar. ECF No. 53. Respondents did not file an opposition.[2] See Docket.

## II. LEGAL STANDARD

A federal court cannot consider a petition for habeas corpus unless the petitioner has first exhausted state remedies with respect to each claim raised. 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 522 (1982). The total exhaustion requirement is based on a policy of federal-state comity as it gives the state the first opportunity to correct alleged violations of its prisoners' federal rights. Picard v. Connor, 404 U.S. 270, 275 (1971) (citations omitted); King v. Ryan, 564 F.3d 1133, 1138 (9th Cir. 2009) (citation omitted). "A petitioner has satisfied the exhaustion requirement if: (1) he has 'fairly presented' his federal claim to the highest state court with jurisdiction to consider it . . . ; or (2) he demonstrates that no state remedy remains available." Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted); see also Phillips v. Woodford, 267 F.3d 966, 974 (9th Cir. 2001) (finding that a petitioner's claims that had not been presented to the ///

---

[2] Petitioner states that Respondents do not oppose a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005). ECF No. 53 at 4.

California Supreme Court were "nonetheless exhausted because a return to state court for exhaustion would be futile." (internal quotation marks and citation omitted)).

The 1996 passage of AEDPA preserved the total exhaustion requirement but also imposed a one-year statute of limitations on all federal habeas petitions so that claims not exhausted and presented to the federal court within the one-year period are forfeited. 28 U.S.C. §§ 2244(d), 2254(b)(1). The Supreme Court has held that federal courts may "stay and abey" a "mixed" federal habeas petition containing both exhausted and unexhausted claims while the petitioner returns to state court to exhaust previously unexhausted claims without losing his right to federal habeas review due to the AEDPA one-year statute of limitations. Rhines v. Weber, 544 U.S. 269, 273–78 (2005). Stay and abeyance is only appropriate "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278. Courts should also "place reasonable time limits on a petitioner's trip to state court and back." Id.

## III. DISCUSSION

### A. Request for Technical Exhaustion

Petitioner claims that he "may no longer have any 'available' state remedies because 'California courts would not afford [him] a hearing on the merits[.]" ECF No. 53 at 2 (citing Phillips v. Woodford, 267 F.3d at 974). He argues that therefore this Court should find that the two claims not yet presented to the California Supreme Court are exhausted without requiring a return to state court.

The Court is not convinced by Petitioner's argument. Petitioner states that he only discovered the existence of the two unexhausted claims recently, after he had finished both direct review and collateral review in state court. By merely arguing that Petitioner "may" no longer have any available state remedies, Petitioner has not shown that a return to state court would definitely be futile. See Johnson v. Zenon, 88 F.3d at 829. The California Supreme Court may choose to address the merits of the claim or not. Without the assurance of the futility of the return to state court, and in advancing the policy of federal-state comity,

7

11cv3015-JAH-LL

the Court **RECOMMENDS** that Petitioner's request that the federal court find his two claims not yet presented to the California Supreme Court are nevertheless exhausted be **DENIED**. See Picard v. Connor, 404 U.S. at 275; King v. Ryan, 564 F.3d at 1138. Because the Court recommends that Petitioner return to state court with the two unexhausted claims, the issue of procedural bar is not yet ripe. Furthermore, it would be better addressed when Respondents have also briefed the issue of procedural bar, which has not yet occurred.

## B. Motion to Stay and Abey

Petitioner asks the Court to stay and abey federal proceedings while he exhausts grounds fifteen and sixteen of his First Amended Petition in state court pursuant to Rhines v. Weber. ECF No. 53 at 3–4. In support, Petitioner contends that he satisfies all of the Rhines requirements because he has shown good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and he has not engaged in dilatory tactics. Id. at 3–6. Petitioner states that Respondents do not oppose a stay pursuant to Rhines. Id. at 4.

### 1. Good Cause for Failure to Exhaust

Petitioner argues that he has good cause for failure to exhaust Grounds Fifteen and Sixteen in state court because the prosecution had wrongfully withheld information that Petitioner discovered recently. ECF No. 53 at 4. The Grounds are as follows:

> (15) the State violated Petitioner's right to a fair trial as guaranteed under the due process clause of the Fourteenth Amendment by suppressing and failing to disclose that the State's star witness – Lawrence James Laymon – had been promised immunity and a plea deal in exchange for his testimony against Petitioner (Ground Fifteen) ("*Brady*[] Violation"); and

> (16) the State violated Petitioner's right to a fair trial as guaranteed under the due process clause of the Fourteenth Amendment by presenting false evidence and failing to correct it once presented ("*Napue*[] Violation").

ECF No. 50 at 1–2 (spacing added). As set forth in the record, Petitioner contends that in October 2018, his counsel and an investigator located and interviewed the prosecution's key witness from Petitioner's state criminal trial and discovered that contrary to the prosecution's assertions and the witness's testimony, he was "given a deal" in exchange

for his testimony against Petitioner. ECF No. 50-1 at 15; ECF No. 50-2, Declaration of Tony Faryar Farmani, Esq. ("Farmani Decl."), ¶ 3; ECF No. 50-3, Declaration of Jose Newman ("Newman Decl."), ¶ 3–4. Petitioner claims the witness stated that he was promised (1) immunity for any charges related to the murder at issue in Petitioner's state criminal trial, (2) he would not serve much time for a pending charge under California Penal Code § 4573.6, and (3) his sentence for a parole violation "would run concurrent" to the pending § 4573.6 charge. ECF No. 50-1 at 15; Newman Decl. ¶ 5. Petitioner claims that his counsel and investigator interviewed the witness again in December 2018 and March 2019 in which he reiterated that he was given a deal. ECF No. 50-1 at 15; Farmani Decl. ¶ 3; Newman Decl. ¶ 4. Petitioner submitted records found by his investigator in January 2019 in support of his claim that at the time the witness testified against Petitioner, the San Diego District Attorney had charges pending against him for illegally possessing drugs while in San Diego County Jail in violation of Penal Code § 4573.6, which could have resulted in nine years in prison due to a prior robbery conviction. ECF No. 50-1 at 15; ECF No. 50-4 at 13–14, 23–25; Newman Decl. ¶ 5. Petitioner contends the records also reveal that in March 2007, shortly after Petitioner's sentencing on January 31, 2007, the witness entered into a plea agreement by which he received a "stipulated" two-year sentence, 501 days of credit for time served, and the balance of the charges against him were dismissed. ECF No. 50-1 at 15; ECF No. 50-4 at 1–2, 10–13; Newman Decl. ¶ 5.

The Ninth Circuit has held "that good cause under Rhines does not require a showing of 'extraordinary circumstances,' but that a petitioner must do more than simply assert that he was 'under the impression' that his claim was exhausted." Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017) (citations omitted). "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence" to justify a petitioner's failure to exhaust a claim in state court. Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).

Here, the Court finds Petitioner has established good cause for failing to exhaust Grounds Fifteen and Sixteen of his amended petition. Petitioner's counsel was appointed

11cv3015-JAH-LL

in October 2017 and after reviewing the record and hiring an investigator, located and interviewed the key witness who revealed information that was previously unknown to Petitioner. Petitioner also submitted court records and declarations in support of the two unexhausted motions and his contention that they were only discovered in October 2018 which is sufficient evidence to establish good cause. See Blake v. Baker, 745 F.3d at 982; Reberger v. Baker, No. 3:13-CV-00071-MMD, 2014 WL 2506487, at *2 (D. Nev. June 3, 2014) ("The Court finds that petitioner has demonstrated good cause for the prior failure to exhaust the *Brady–Napue* claims because he presents claims based upon evidence developed by federal habeas counsel that petitioner asserts he was unable to develop successfully as a *pro se* inmate in the prior state court proceedings.").

### 2. Merits of the Unexhausted Claims

Petitioner argues that his claims are not "plainly meritless" and are supported by "extensive legal authority and evidence." ECF No. 53 at 5 (citing generally ECF No. 51-1, the lodgment of Petitioner's State Court Record).

A court should not grant a motion for stay and abeyance when a petitioner's "unexhausted claims are plainly meritless." Rhines v. Weber, 544 U.S. at 277. Here, Petitioner's two unexhausted claims are made pursuant to Brady and Napue. "The elements of a claim for a *Brady* violation are that '[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued.'" Gonzalez v. Wong, 667 F.3d 965, 981 (9th Cir. 2011) (quoting Strickler v. Greene, 527 U.S. 263, 281–82 (1999)). "A claim under *Napue* will succeed when (1) the testimony (or evidence) was actually false, (2) the prosecution knew or should have known that the testimony was actually false, and (3) the false testimony was material." Jackson v. Brown, 513 F.3d 1057, 1071–72 (9th Cir. 2008) (internal quotation marks and citation omitted).

The Court finds that for the purposes of the instant motion, Petitioner has presented colorable claims pursuant to Brady and Napue. Petitioner has articulated cognizable claims

supported by legal authority, and in support, he has submitted the trial transcript, declarations, and other court records. See generally ECF Nos. 50-1 at 16–30; 51-1; 50-4; Farmani Decl., Newman Decl. Accordingly, the Court finds Petitioner's unexhausted claims are potentially meritorious.

### 3. Absence of Intentionally Dilatory Litigation Tactics

Petitioner contends that he has not engaged in intentionally dilatory litigation tactics, has no reason to delay, and seeks imposition of reasonable time limits on his return to state court if granted permission to do so.[3] ECF No. 53 at 5. There is nothing in the record to indicate that Petitioner intended to cause any delay with respect to the two unexhausted claims. Petitioner's counsel and an investigator discovered evidence not previously known to Petitioner after a reasonable amount of time, considering the time needed to review the extensive record and begin investigations.

Therefore, the Court finds that Petitioner has met the Rhines requirements in that he has established good cause for a stay, his unexhausted claims are not plainly meritless, and he has not engaged in intentionally dilatory litigation tactics. The Court thus **RECOMMENDS** that Petitioner's motion to stay and abey pursuant to Rhines be **GRANTED**. See Rhines v. Weber, 544 U.S. at 278.

## IV. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an Order:

(1) approving and adopting this Report and Recommendation;

(2) **DENYING** Petitioner's request that the federal court find his two claims not yet presented to the California Supreme Court are nevertheless exhausted [ECF No. 53];

---

[3] Petitioner proposes to (1) file an exhaustion petition in the California Supreme Court within twenty-one days of the issuance of a stay, (2) provide quarterly status reports, and if necessary, (3) within thirty days of the state court's decision, to move to lift the stay and file an amended petition. ECF No. 53 at 6.

11

1   (3) **GRANTING** Petitioner's motion to stay and abey [ECF No. 53];

2   (4) issuing a stay and abeyance of the First Amended Petition pursuant to <u>Rhines</u>;

3   (5) directing Petitioner to:

4       (a) file an exhaustion petition in state court within twenty-one days of the stay;

5       (b) file a status report every ninety days that details his progress in exhausting

6       his two claims in state court;

7       (c) within thirty days of the state court's decision resolving the claims, file a

8       motion requesting that the stay be lifted and that he be granted leave to file a

9       Second Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C.

10       § 2254 that shall include a proposed Second Amended Petition containing all

11       grounds for relief.

12   **IT IS ORDERED** that no later than <u>**November 7, 2019**</u>, any party to this action may

13   file written objections with the Court and serve a copy on all parties. The document should

14   be captioned "Objections to Report and Recommendation."

15   **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with

16   the court and served on all parties no later than <u>**November 14, 2019**</u>. The parties are advised

17   that failure to file objections within the specified time may waive the right to raise those

18   objections on appeal of the Court's order. <u>See</u> <u>Turner v. Duncan</u>, 158 F.3d 449, 455

19   (9th Cir. 1998).

20   **IT IS SO ORDERED**.

21   Dated:  October 24, 2019

22

23       Honorable Linda Lopez
     United States Magistrate Judge

24

25

26

27

28

12

11cv3015-JAH-LL