UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE ULYSSES GRANT,<br><br>                           Petitioner,<br>v.<br>RICK HILL, Warden, et al.,<br><br>                         Respondents. | Case No.: 11cv3015-JAH (LL)<br><br>**ORDER:**<br><br>**(1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Doc. No. 54);**<br><br>**(2) GRANTING PETITIONER'S MOTION TO STAY AND ABEY (Doc. No. 53)** |

## INTRODUCTION

Petitioner Willie Ulysses Grant filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on December 23, 2011. Doc. No. 1. Pending before the Court is Petitioner's Motion to Stay and the Report and Recommendation ("Report") filed by the Honorable Judge Linda Lopez, United States Magistrate Judge, recommending the Motion to Stay be granted. After careful consideration of the pleadings, for the reasons set forth below, this Court **ADOPTS** the Magistrate Judge's Report in its entirety and **GRANTS** the motion to stay.

//

1

11cv3015-JAH (LL)

# BACKGROUND[1]

On September 9, 2019, Petitioner filed the Motion to Stay presently before the Court. Doc. No. 53. Petitioner requested the Court stay the proceedings while Petitioner exhausts grounds fifteen and sixteen of his amended petition for writ of habeas corpus in the California Supreme Court, or in the alternative, to find those grounds for relief are technically exhausted and excuse any procedural bar. *Id.* On October 24, 2019, Judge Linda Lopez issued a thorough Report and Recommendation recommending this Court grant Petitioner's Motion to Stay. Doc. No. 54. There, Judge Lopez found Petitioner satisfied the requirements to stay and abey his "mixed" federal habeas petition containing both exhausted and unexhausted claims while Petitioner returns to state court to exhaust previously unexhausted claims. *See* Doc. No. 54 at 8-12 (citing *Rhines v. Weber*, 544 U.S. 269 (2005)). Specifically, Judge Lopez found Petitioner had good cause to justify his failure to exhaust the two additional claims in state court, the claims are not plainly meritless, and that nothing in the records indicates that Petitioner intended to cause any delay with respect to the unexhausted claims. *Id.* Further, the Report recommends this Court deny Petitioner's request to treat the unexhausted claims as technically exhausted, finding that Petitioner has not shown that a return to state court would definitely be futile. *Id.* at 7 (*citing Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996)).

Any objections to the Report and Recommendation were due November 7, 2019. *Id.* at 12. Respondents have not filed any objections.

# DISCUSSION

A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). "[T]he district judge must determine de novo any part of the [report and recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). However,

---

[1] The underlying facts set forth in the Report is adopted *in toto* and referenced as if fully set forth herein.

"[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005). "Neither the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121. When no objections are filed, the Court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974); *Johnson v. Nelson*, 142 F.Supp.2d 1215, 1217 (S.D. Cal. 2001).

As such, the Court assumes the correctness of the Magistrate Judge's factual findings and adopts them in full. The Court has conducted a *de novo* review, independently reviewing the Report and all relevant papers submitted by the parties and finds that the Report provides a cogent analysis of the issues presented in the motion. The Court concludes that the Magistrate Judge correctly found that the Petitioner meets the standard for a stay and abeyance in order to exhaust previously unexhausted claims in state court.

## CONCLUSION AND ORDER

Based on the above, IT IS HEREBY ORDERED:

(1) The findings and conclusions of the Magistrate Judge presented in the Report and Recommendation are **ADOPTED** in its entirety, (Doc. No. 54);

(2) Petitioner's Motion to Stay and Abey the First Amended Petition is **GRANTED,** (Doc. No. 53);

(3) Petitioner's request to treat his two claims not yet presented to the California Supreme Court as technically exhausted is **DENIED**;

(4) Petitioner is directed to:

(a) file an exhaustion petition in state court within twenty-one days of the stay;

(b) file a status report every ninety days that details his progress in exhausting his two claims in state court;

(c) within thirty days of the state court's decision resolving the claims, file a motion requesting that the stay be lifted and that he be granted leave to file a Second Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 that shall include a proposed Second Amended Petition containing all grounds for relief.

**IT IS SO ORDERED.**

DATED: January 30, 2020

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE