UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ULYSSES GRANT,<br><br>        Petitioner,<br><br>v.<br><br>RICK HILL, Warden, et al.,<br><br>        Respondents. | Case No.:  11cv3015-JAH<br><br>**ORDER GRANTING PETITIONER'S VERIFIED SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS [Doc. No. 65]** |

  Pending before the Court is Petitioner William Ulysses Grant's ("Petitioner") unopposed motion for leave to file a Verified Second Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. See Doc. No. 65.

## DISCUSSION

  Petitioner moves to amend his habeas petition pursuant to Rule 15 of the Federal Rules of Civil Procedure.  The filing of an amended complaint or counter-claim after a responsive pleading has been filed may be allowed by leave of court. Fed. R. Civ. P. 15(a). Rule 15(a) provides in pertinent part:

> A party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

The Supreme Court has instructed lower courts to heed carefully the language of Rule 15(a), cautioning courts to grant leave to amend freely when justice requires. Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973). Further, Rule 15(a) is to be interpreted with "extreme liberality." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).

Under Rule 15(a), the non-moving party bears the burden of demonstrating why leave to amend should not be granted. Genentech, Inc. v. Abbott Labs., 127 F.R.D. 529, 530–31 (N.D. Cal. 1989). Granting leave to amend rests in the sound discretion of the trial court. Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines, 761 F.2d 1386, 1390 (9th Cir. 1985). This discretion is guided by the strong policy favoring the disposition of cases on the merits. DCD Programs Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). However, even though leave to amend is generally granted freely, it is not granted automatically. See Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). Courts consider four factors when determining whether to allow amendment of a pleading. The four factors are: (1) prejudice to the opposing party, (2) undue delay, (3) bad faith, and (4) futility. See Hurn v. Ret. Fund Trust, 648 F.2d 1252, 1254 (9th Cir. 1981); DCD Programs, 833 F.2d at 186.

These factors are not equally weighted; the possibility of delay alone, for instance, cannot justify denial of leave to amend. See DCD Programs, 833 F.2d at 186; Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). The single most important factor is whether the non-moving party would be unduly prejudiced if amendment is permitted. William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 668 F.2d 1014, 1053, n. 68 (9th Cir. 1981).

Petitioner seeks leave to file the Second Amended Petition after Claims (1) and (2) were presented to the California Supreme Court at the direction of this Court, [Doc. No. 55], and Claims (3) and (4) were exhausted on direct appeal. See People v. Grant, No. D050289, 2008 WL 4216125 (2008). Respondents have not opposed Petitioner's motion and permitting amendment will not prejudice Respondents. Additionally, there is no

evidence the motion was brought in bad faith or will cause undue delay. As such, the Court finds no valid reason to deny Petitioner's leave to amend.

## CONCLUSION AND ORDER

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Petitioner's motion for leave to file a Verified Second Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [Doc. No. 65] is GRANTED; and
2. The Clerk of Court is directed to file Petitioner's Verified Second Amended Petition for Writ of Habeas Corpus, attached as Doc. No. 65-1 to the motion, forthwith.

**IT IS SO ORDERED.**

DATED:   January 20, 2021

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE